IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SAMSON EUGENE JAMES, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | CIVIL NO. 5:15-CV-0035-MTT-MSH |
| Sheriff WILLIAM MASSEE, et al, | : | |
| | : | |
| Defendants | : | |

_____

**ORDER & RECOMMENDATION**

Plaintiff Samson Eugene James, a prisoner confined at the Baldwin County Jail in Milledgeville, Georgia, filed a *pro se* civil rights action in this Court seeking relief under 42 U.S.C. § 1983. After an initial review of his submissions, Plaintiff was ordered to supplement his request to proceed *in forma pauperis* and recast his statement of claims. Order, Feb. 24, 2015, ECF No. 8. Plaintiff complied (ECF No. 10), but the undersigned found his recast allegations were still too cursory. Plaintiff was thus granted another opportunity to supplement his factual allegations (Order, April 21, 2015, ECF No. 15), and he again complied with the Court's request[1] (ECF No. 18). Plaintiff has also recently moved for a transfer to another facility. (ECF No. 21.)

After conducting a thorough review of Plaintiff's Amended Complaint (ECF No. 1, 10 & 18), as required by 28 U.S.C. § 1915A(a), the undersigned finds Plaintiff's

---

[1] Though Plaintiff's response was not timely, the undersigned finds that Plaintiff provided an excusable cause for his delay. (*See* Letter, June 1, 2015, ECF No. 17; and Recast Statement, June 10, 2015, ECF No. 18.)

1

supplemented allegations sufficient to allow claims against Defendants **Sargent Reeves** and **Sargent Neff** to go forward.[2] It is **RECOMMENDED**, however, that Plaintiff's claims against Defendants **Dr. Mack** and **Nurse Michelle** be **TRANSFERRED** to the United States District Court for the Northern District of Georgia and that his claims against **Nehemiah Ingram** and **Sheriff Bill Massey** be **DISMISSED** as stated herein. Plaintiff's Motion for Transfer is **DENIED**.

I.   **Standard of Review**

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the court. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A *pro se* pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). To state a claim, a complaint must include "enough factual matter (taken as

---

[2]   Plaintiff was previously granted leave to proceed *in forma pauperis* but is still obligated to pay the full balance of the filing fee using the payment plan described in § 1915(b) and ordered herein. *See infra* p. 11. For this reason, the Clerk of Court is **DIRECTED** to send a copy of this Order to the warden or business manager of the facility in which Plaintiff is currently confined.

true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56(2007). The plaintiff must also allege sufficient facts to "raise the right to relief above the speculative level" and create "a reasonable expectation" that discovery will reveal evidence to prove a claim. *Id.* "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

## II.     Plaintiff's Complaint

The present action arises primarily out of Plaintiff's confinement at the Baldwin County Jail in Milledgeville, Georgia and treatment at Laurel Wood Hospital in Gainesville, Georgia. The Amended Complaint first alleges that, at some point in 2013, Plaintiff was transferred to Laurel Wood Hospital for treatment and, upon his arrival, advised both Defendant Dr. Mack and Nurse Michelle that he had been "gang raped." Defendants allegedly disregarded his complaint, stated that he was lying, and failed to investigate his claims. Dr. Mack then forcibly and erroneously gave Plaintiff a shot of insulin which made him extremely ill. After that, Defendants "1013" him (i.e., transferred him for involuntary psychiatric treatment) to Rivers Edge Mental Hospital.

In an unrelated set of claims, the Amended Complaint also alleges that Plaintiff has been mistreated and denied medical treatment at the Baldwin County Jail. Plaintiff claims that Defendant Sergeant Reeves locked him in "segregation" because he was telling people "what the cops had done" at some point earlier – beating him, slamming him into the ground, and seriously injuring his back and neck. Reeves allegedly held Plaintiff in segregation for three days and denied him food for the entire time. Plaintiff states that he

3

was so hungry that he eventually had to eat his own feces. Plaintiff also alleges that, on another occasion, Defendant Sergeant Neff allowed another officer to spray him with pepper spray without cause. And, according to Plaintiff, his probation officer, Defendant Nehemiah Ingram, denied him medical care – at some point in time - by sending him to the "ITF" program (presumably an "Integrated Treatment Facility") even though medical professionals informed Ingram that Plaintiff needed surgery.

Plaintiff has now brought the present action under § 1983. The Amended Complaint names Dr. Mack, Nurse Michelle, Sergeant Reeves, Sergeant Neff, Nehemiah Ingram, and Sheriff Bill Massey as defendants and appears to bring claims for violations of his First and Eighth Amendment rights.

   A. Joinder of Unrelated Claims

As noted above, Plaintiff's Complaint attempts to state unrelated claims. A § 1983 plaintiff may set forth only related claims in one civil rights complaint. He may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)-(B). "[A] claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." *Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998).

      1. *Claims against Dr. Mack and Nurse Michelle*

Plaintiff's allegations fail to show any "logical relationship" between his claims against Dr. Mack and Nurse Michelle and those relating to his confinement at Baldwin

State Prison. For this reason, and because Plaintiff's claims against Dr. Mack and Nurse Michelle arise from events that transpired at Laurelwood Hospital in Gainesville, Georgia (and the statute of limitations may bar the refiling of his claims in that venue), it is **RECOMMENDED** that Plaintiff's claims against Dr. Mack and Nurse Michelle be **TRANSFERRED** to the United States District Court for the Northern District of Georgia - as that is the proper forum for those claims. *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a) (authorizing district court to "dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought").

### 2. *Claims against Nehemiah Ingram*

Plaintiff additionally attempts to state claim against his probation officer, Defendant Nehemiah Ingram. He claims that Ingram denied him medical care by sending him to the "ITF" program (presumably an "Integrated Treatment Facility") despite the fact that medical professionals informed Ingram that Plaintiff needed back surgery. Even if true, it is difficult to tell, based on this allegation, that Plaintiff could state an Eighth Amendment claim against Ingram. Plaintiff does not state when or where this occurred or how Ingram's actions prevented Plaintiff from receiving medical care in the facility in which he was subsequently confined. More importantly, Plaintiff's allegations fail to show any "logical relationship" between his claims against Defendant Ingram and those relating to his confinement at Baldwin State Prison. It is thus **RECOMMENDED** that this claim be **DISMISSED** without prejudice. *See* Fed. R. Civ. P. 21; 28 U.S.C. § 1915A.

### B. Claims arising from Confinement at Baldwin State Prison

After construing Plaintiff's allegations liberally and his favor, the undersigned finds

5

that Plaintiff's Eighth Amendment claims against Defendants Reeves and Neff should be allowed to go forward for further factual development. The undersigned will also allow a First Amendment retaliation claim against Defendant Reeves to continue beyond the frivolity review stage. Plaintiff's Complaint, however, fails to state a viable claim against Sheriff Massey.

Although named as a party in the caption of the Amended Complaint, Plaintiff does not make any specific allegation against Sheriff Massey. A complaint plainly cannot state a claim against a named defendant when it fails to allege facts specifically associating that defendant with any alleged constitutional violation. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008). Sherriff Massey also cannot be held liable, under § 1983, for the unconstitutional acts of his subordinates absent evidence of a causal link between him and the alleged constitutional deprivation. *Averhart v. Warden*, 590 F. Appx. 873, 874 (11th Cir. 2014); *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004). It is thus **RECOMMENDED** that Plaintiff's claims against Sherriff Massey be **DISMISSED** without prejudice for failure to state a claim.

### III. Plaintiff's Motion for Transfer

Plaintiff has also recently filed a motion in which he alleges that he was beaten at Baldwin State Prison on June 27, 2015 because he is "openly gay" and because he has been "talking about who raped and molested" him. Plaintiff does not identify the attackers or seek to add any excessive force or failure-to-protect claim based upon these events. He only requests that the Court order he be transferred to another facility. Such relief, however, is not available in a § 1983 action. The Court has no to authority to simply

6

compel action by state officials in the performance of their duties. *See Moye v. Clerk, DeKalb Cnty Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973). Prisoners likewise have no constitutionally protected liberty interest in being classified at a certain security level or housed in a certain prison. *See Kramer v. Donald*, 286 F. App'x 674, 676 (11th Cir. 2008) (citing *Meachum v. Fano*, 427 U.S. 215 (1976)).

If Plaintiff feels as though he is in danger of serious physical injury, he should follow administrative procedures available to him and may file a writ seeking such relief in the state courts. Plaintiff's Motion in this Court, however, must be **DENIED**.

## IV. Conclusion

For those reasons stated herein, the undersigned finds the allegations in Plaintiff's Complaint are sufficient to allow claims against Defendants **Reeves** and **Neff** to go forward for further factual development. It is now **ORDERED** that service be made on these defendants and that they file an Answer, or such other response as may be appropriate under the Federal Rules, § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and the possible imposition of expenses for failure to waive service.

It is **RECOMMENDED**, however, that Plaintiff's claims against Defendants Dr. Mack and Nurse Michelle be **TRANSFERRED** to the U.S. District Court for the Northern District of Georgia and that his claims against Nehemiah Ingram and Sheriff Bill Massey be **DISMISSED** without prejudice. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being

served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1. Plaintiff's Motion (ECF No. 21) is **DENIED**.

## DUTY TO ADVISE OF ADDRESS CHANGE

During this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by

mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff.  Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian.  Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Fed. R. Civ. P. 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order

9

is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than 120 days from when the discovery period begins.

**DIRECTIONS TO CUSTODIAN OF PLAINTIFF**

In accordance with the Prison Litigation Reform Act, Plaintiff's custodian is

directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee. Collection from Plaintiff of any balance due by any means permitted by law is authorized in the event Plaintiff fails to remit payment.

**SO ORDERED**, this 13th day of July, 2015.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE