IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SAMSON EUGENE JAMES, | : |
| Plaintiff, | : |
| VS. | : |
| | : CIVIL NO. 5:15-CV-0035-MTT-MSH |
| Sheriff WILLIAM MASSEE, *et al.*, | : |
| Defendants. | : |

_____

**REPORT & RECOMMENDATION**

Presently pending before the Court is Defendants Neff and Reeves' Motion for Summary Judgment (ECF No. 55). Also before the Court is a motion to dismiss (ECF No. 69) filed as a formality by Michelle Jones—terminated as a defendant in this action on September 29, 2016. Plaintiff did not respond to either motion. Both motions are ripe for review. For the reasons explained below, it is recommended that both motions be granted.

**BACKGROUND**

The present action arises from Plaintiff's confinement at Baldwin County Jail. The first instance about which Plaintiff complains occurred on October 2, 2013. Defs.' Statement of Material Facts ("SMF") ¶ 9, ECF No. 55-2. Plaintiff asserts that Defendant Amber Neff, a sheriff's deputy and jail sergeant, "allowed Officer Tucker to pepper spray" him while he "was in an ISO cell." Recast Compl. 2. Plaintiff alleges Defendant Neff allowed the improper use of pepper spray because he had called her a "black b----"

and she was retaliating against him. *Id.* The second set of Plaintiff's allegations relate to his October 27, 2013 confinement in an isolation cell. Defs.' SMF ¶ 28. He alleges that Defendant Reeves improperly locked him in segregation and held him without food, which forced Plaintiff to eat his own feces. Recast Compl. 2.

After a preliminary review, Plaintiff's allegations were construed as First and Eighth Amendment claims. The claims against Defendants Reeves and Neff were allowed to go forward for further factual development. Defendants Reeves and Neff now move for summary judgment (ECF No. 55), arguing that Defendants are entitled to Eleventh Amendment and qualified immunity, Plaintiff fails to state a claim, and Plaintiff failed to exhaust. Defendant Nurse Michelle Jones, terminated from this case on September 29, 2016, now moves to be dismissed as a party. These motions are ripe for review.

## DISCUSSION

I.  **Defendants Reeves and Neff's Motion for Summary Judgment**

Defendants Reeves and Neff assert that they are entitled to summary judgment because Plaintiff failed to exhaust. Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense is not ordinarily the proper subject for a summary judgment; instead, it "should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008). The Court will treat Defendants' argument here as a motion to dismiss.

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be

brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted). The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]"). Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings. *Id.* at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.* If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id.* "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* The defendant bears the burden of proof during this second step. *Id.*

Defendants Reeves and Neff move for summary judgment for lack of exhaustion

3

asserting that Baldwin County Jail has a grievance procedure which applies to all inmates but Plaintiff failed to properly utilize this procedure. Defs.' Mem. in Supp. of Mot. to Dismiss 20, ECF No. 55-1. Plaintiff failed to respond to Defendants' motion for summary judgment and does not contest the factual allegations contained therein. Since the parties' versions of the facts do not conflict, the Court analyzes this case at the first step of the exhaustion analysis. *Turner*, 541 F.3d at 1082.

Defendants provided the Baldwin County Sheriff's Office inmate grievance policy and procedure which applies to the Baldwin County Jail. LaRocque Aff. Ex. 1, ECF No. 55. The one-step procedure requires only that the inmate file a grievance using the grievance form within five (5) days of the date of the incident giving rise to the complaint. *Id.* at 7.

Plaintiff filed one grievance relating to the instances described in his complaint. That grievance was filed on December 11, 2013—weeks after the alleged October 2013 incidents. In the single grievance, Plaintiff alleged that he had to "eat [his] own feces" and was "sprayed in the eyes with pepper spray." *Id.* at 8. Plaintiff does not identify Defendant Reeves or Neff. Further, Plaintiff does not grieve improper confinement in insolation.

Defendants contend that the grievance is well beyond the time provided by the grievance procedure and it does not address Plaintiff's claims of improper confinement in insolation. Exhaustion requires that the grievance "provide[] the institution with notice of a problem such that they have an opportunity to address the problem internally." *Toennings v. Ga. Dep't of Corr.*, 600 F. App'x 645, 649 (11th Cir. 2015). Plaintiff's

4

grievance does not provide Baldwin County Jail with notice regarding Plaintiff's alleged improper confinement in isolation. It also fails to provide any notice regarding the alleged behavior of Defendants Reeves and Neff specifically, as Plaintiff does not identify either in any way. Further, notwithstanding any deficiencies within the grievance, Plaintiff clearly failed to follow the grievance procedure by filing his grievance within the five-day period. Plaintiff has consequently failed to exhaust. It is thus recommended that Defendants' motion for summary judgment be granted for failure to exhaust.

## II.     Defendant Jones' Motion to Dismiss

On December 22, 2015, the District Court ordered that Plaintiff's claims against Defendant Nurse Michelle Jones be severed from this lawsuit, as they lacked a logical relationship to Plaintiff's other claims. Order 2, Dec. 22, 2015, ECF No. 47. The Court ordered Plaintiff to recast his claims against Defendant Jones in a separate 42 U.S.C. § 1983 suit, which would supersede all allegations against Defendant Jones in the instant litigation. *Id.* Plaintiff's claims against Defendant Jones were severed from this lawsuit, and the Court terminated Defendant Jones from this case on September 29, 2016. Defendant Jones now enters a motion to dismiss as a formality to ensure that she is dismissed as a party. For the foregoing reasons, it is recommended that Defendant Jones's motion to dismiss be granted.

## CONCLUSION

For the reasons explained above, it is recommended that Defendants Reeves and Neff's motion for summary judgment (ECF No. 55) and Defendant Jones's motion to

dismiss (ECF No. 69) be granted.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof.  The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made.  All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 13th day of January, 2017.

S/ Stephen Hyles<br>
UNITED STATES MAGISTRATE JUDGE